UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ELSIE TORRES AND
FRANCISCO TORRES,

                    Plaintiffs,          <u>MEMORANDUM AND ORDER</u>

   -against-                              CV 15-7015 (LDW) (ARL)

NATIONSTAR MORTGAGE LLC,

                    Defendant.
------------------------------------------------------X
Wexler, J.

Plaintiffs Francisco Torres ("Francisco") and Elsie Torres (collectively, "Plaintiffs") bring this action against defendant Nationstar Mortgage LLC ("Nationstar"), asserting claims for violations of (1) the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; (2) the New York Fair Debt Collection Practices Act ("NYFDCPA"), N.Y. Gen. Bus. Law §§ 600 *et seq.*; and (3) New York General Business Law ("GBL") § 349. Nationstar moves to dismiss the Complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Plaintiffs oppose the motion.

I. <u>BACKGROUND</u>

For purposes of this decision, the background can be summarized as follows. On April 19, 2006, Plaintiffs borrowed $405,000.00 from Wilmington Finance, Inc. ("WFI") to purchase a house in Inwood, New York (the "Loan"). Plaintiffs gave a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WFI (the

"Mortgage"). Sometime thereafter, MERS assigned the Mortgage to U.S. Bank National Association ("US Bank"), as Trustee for the Holders of the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-AB2.

Sometime before April 17, 2014, Plaintiffs defaulted on the Loan. After Plaintiffs' default, the loan servicing was transferred to Nationstar. On April 17, 2014, US Bank commenced a foreclosure action in Nassau County Supreme Court (the "Foreclosure Action"). Plaintiffs served an answer in the Foreclosure Action, asserting various defenses and counterclaims.

During the Foreclosure Action, Francisco sent "an inquiry" to Nationstar on December 5, 2014 "for verification with respect to Plaintiffs' mortgage debt." Complaint ¶ 13. Plaintiffs made another "inquiry" of Nationstar on December 8, 2014 "for verification with respect to Plaintiffs' mortgage debt." Complaint ¶ 12.

Nationstar responded to the December 5 and December 8 inquiries by two letters, one dated December 11, 2014 (the "December 11 Letter") and the other dated December 24, 2014 (the "December 24 Letter") (collectively, the "December Letters"). The December 11 Letter responded to the December 8 inquiry and was addressed to "Law Offices of Darren Aronow C/O Francisco Torres," in Hicksville, New York. The December 11 Letter provided, in relevant part: "Nationstar Mortgage received your request for information on 12/8/2014. The investor name is JP Morgan Chase as Trustee for SURF 2006-AB2." Complaint Exh. A. The December 24 Letter responded to the

December 5 inquiry and was addressed to "Darren Aronow, Esq., The Law Offices of Darren Aronow, P.C," in Hicksville, New York. The December 24 Letter provided, in relevant part: "[O]ur records indicate U.S. Bank National Association as Trustee for SURF 2006-AB2 is the current owner of the Note." Complaint Exh. B.

Plaintiffs commenced this action, alleging that Nationstar is a "debt collector" and claiming that the December Letters violated the FDCPA, the NYFDCPA, and GBL § 349. Nationstar moves to dismiss the Complaint.

## II. DISCUSSION

A. Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town*

*of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Although a motion under FRCP 12(b)(6) is directed only to the sufficiency of the pleading, the court may consider written documents attached to the complaint as well as documents incorporated therein by reference and those of which plaintiff had knowledge and relied upon in commencing the action. *See Brass v. Amer. Film Techn., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

B. <u>FDCPA Claims</u>

In opposing Nationstar's motion, Plaintiffs assert that the December Letters are sufficient to state claims for violations of FDCPA § 1692e(2)(A), (5), and (10) because the letters "identified different owners" and therefore "contained false information." Memorandum of Law in Opposition to Defendant Nationstar Mortgage LLC's Motion to Dismiss ("Plaintiffs' Mem."), at 12-15; *see* 15 U.S.C. § 1692e(2)(A) (prohibiting "[t]he false representation of . . . the character . . . of any debt"); *id.* § 1692e(5) (prohibiting "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken"); *id.* § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt"). Nationstar's primary argument for dismissal of these FDCPA claims is that the December Letters are not actionable under

the FDCPA because they were addressed and sent solely to Plaintiffs' attorney. This Court agrees that Plaintiffs' FDCPA claims are not actionable.[1]

Where an alleged communication is directed solely to a debtor's attorney, there is persuasive support for the proposition that such a communication is not actionable under the FDCPA. In this respect, dictum from the Second Circuit's decision in *Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002), is relevant and instructive. In *Kropelnicki*, a putative debtor alleged, *inter alia*, that a creditor's attorney and the attorney's office manager made misrepresentations to the debtor's attorney that they would not advance a state court debt-collection action without first contacting him. *Id.* at 123-27. The debtor claimed that the misrepresentation to her attorney violated § 1692e. *Id.* The Second Circuit dismissed the action for lack of subject matter jurisdiction, *id.* at 129, but first commented on this claim:

> We would have grave reservations about concluding that this sort of claim is actionable under the FDCPA. . . . A review of the FDCPA's purpose, . . . and this Court's treatment of the FDCPA in other cases leads us to believe that alleged misrepresentations to *attorneys* for putative debtors cannot constitute violations of the FDCPA.
>
> The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors. . . . Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather

---

[1] The Complaint also references claims for violations of FDCPA § 1692g(a)(2) and § 1692j. Complaint ¶ 19; Plaintiffs' Mem. at 8. Defendants argue for dismissal of these claims as well. Plaintiffs do not argue in support of these claims. Accordingly, they are dismissed.

>than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior.

*Id.* at 127-28 (emphasis in original). Faced with claims that a fax message sent by a debt collector to a debtor's attorney violated § 1692e, Judge Hurley relied on *Kropelnicki* in concluding that "[p]laintiff has no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself." *Tromba v. M.R.S. Assocs., Inc.*, 323 F. Supp. 2d 424, 425-28 (E.D.N.Y. 2004); *see also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 936-39 (9th Cir. 2007) ("The [FDCPA's] purposes are not served by applying its strictures to communications sent only to a debtor's attorney. . . . Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which . . . would likely disrupt a debtor's life. When an individual is represented by counsel who fields all communications relevant to the debt collection, these concerns quickly evaporate. Attorneys possess exactly the degree of sophistication and legal wherewithal that individual debtors do not." (citations and internal quotation marks omitted)).

This Court similarly agrees that *Kropelnicki* supports the determination that Plaintiffs have no actionable claim under the FDCPA. Not only were the December Letters addressed and sent solely to Plaintiffs' attorney, who represented them in the Foreclosure Action, but no threat was made regarding contact with Plaintiffs. Presumably, Plaintiff's attorney was fully able to protect Plaintiffs from the alleged

inconsistency in the December Letters. Accordingly, the FDCPA claims are dismissed with prejudice.

C. NYFDCPA and GBL 349 Claims

Given the dismissal of the FDCPA claims–the only federal claims in this action–the Court declines to exercise supplemental jurisdiction over the state law claims for violations of the NYFDCPA and GBL § 349. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, the state law claims are dismissed without prejudice.

III. CONCLUSION

For the above reasons, Nationstar's motion to dismiss is granted to the extent that the FDCPA claims are dismissed with prejudice and the state law claims are dismissed

without prejudice.  The Clerk of Court is directed to close the file in this action.

SO ORDERED.

				_____/s/_____
				LEONARD D. WEXLER
				UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
	November 2, 2016